UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES, *ex. rel,*
BRENT M. NELSON,

        Plaintiffs,

v.                                       Case No. 12-C-775 (JPS)

CAREER EDUCATION CORP.,
SANFORD-BROWN, LTD., and ULTRASOUND
TECHNICAL SERVICES, INC.,

        Defendants.

**UNITED STATES' STATEMENT OF INTEREST IN RESPONSE TO COURT'S ORDER OF APRIL 8, 2014**

**I.**    **Introduction**

In its oral Order of April 8, 2014, at the final pretrial conference in this matter, the Court invited the views of the United States on certain issues in connection with the defendants' pending motion for summary judgment. The United States accordingly submits this response to provide its position on the issues raised by the Court. First, the Court asked whether the Seventh Circuit cases of *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849 (7th Cir. 2009), and *United States ex rel. Yannacopoulos v. General Dynamics*, 652 F.3d 818 (7th Cir. 2011), restrict a plaintiff's ability to prove liability under the False Claims Act, 31 U.S.C. 3729-33 (FCA), via an implied representation. As an initial matter, the court need not reach this question because the instant case involves express, not implied, representations by the defendants. In any event, nothing in the foregoing cases suggests that they intended to reject implied certification liability, nor has any other court interpreted them to do so. Moreover, such a reading of these

cases would be inconsistent with both the text of the statute and its applicable legislative history. Second, as to the correct standard of proof in an FCA case, the FCA itself provides that a plaintiff must prove each element of the case by a preponderance of the evidence. The Seventh Circuit stated in 2009 that the FCA's burden-of-proof provision applies in declined *qui tam* cases as well as those in which the Government intervenes.

The United States takes no position on any other legal issues raised in the briefing, and it takes no position on the factual sufficiency of the relator's case.

## II. Express v. Implied Representations

### A. The Court Need Not Reach The Issue Of Implied Representations To Establish Liability Under 31 U.S.C. § 3729(a)(1)(B), Since This Case Involves The Use Of Express Representations.

In its Order, the Court raised concern that two cases from the Seventh Circuit might limit the ability of a plaintiff to prove a violation of the FCA based upon implied representations. The Court need not reach that question in this case, however, because this is not an implied-representation case. The defendants' representations forming the basis of the relator's allegations in the instant case are unquestionably express, as they are set forth in writing in the defendants' Program Participation Agreements (PPAs) with the Department of Education (ED). The FCA imposes liability on one who "knowingly makes, *uses*, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B) (emphasis added).[1] In this case, the defendants are not making an implied representation of their compliance with the terms of the PPA every time they seek to have a claim for student aid

---

[1] In 2009, the FCA was amended such that former sections 3730(a)(1) and 3730(a)(2) were renumbered respectively as § 3730(a)(1)(A) and § 3730(a)(1)(B). The language of these sections was also amended in certain ways not pertinent to the issues in this brief. The United States notes these amendments for the sake of clarity but does not believe that the amendments affect the Court's analysis.

funding under the Higher Education Act paid from the United States; instead, they are *using* their previous express representations to do so, within the meaning of sec. 3729(a)(1)(B).  *Cf. United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 657 (5th Cir. 2004) ("We note that section 3729(a)(7) applies not only to the defendant who 'makes' a false statement or record but also to one who knowingly 'uses' (or causes to be used) such a statement or record for the prohibited purpose.").

Defendants cannot dispute that they would have been ineligible for federal student aid funding if they had not executed the relevant PPAs in writing.  Without the various express representations made in those PPAs, the defendants would have been wholly unable to have any claims for federal student aid funding paid by ED.  Hence, this is an express-representation case, and the Court need not address whether *Lusby* and *Yannacopoulos* limited the application of implied certification liability.

For this Court to reject the view that the defendants are using their prior statements when they seek payment and to hold instead that the defendants can only be liable under an implied-representation theory would read the clause, "or uses," completely out of the language of 31 U.S.C. § 3729(a)(1)(B).  Such a re-shaping of the text of the law violates ordinary principles of statutory construction and should be disfavored by this Court.  The very purpose of the prohibition in § 3729(a)(1)(B) on the use of a false statement was to prevent fraud in the type of situation present in this case – where ED's decision to pay a claim is premised on a prior express representation of compliance with a threshold eligibility requirement.  A defendant's non-disclosure, at the time payment is sought, of the fact that it failed to fulfill a previous promise upon which entitlement to payment is conditioned, is functionally equivalent to an explicit false representation or certification that it is entitled to payment.  In both cases, the government has

been induced to pay money that it would not have paid if the defendant had disclosed the true set of facts, which is the essence of an FCA violation. *See United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968) (FCA's purpose is to prevent "all fraudulent attempts to cause the Government to pay out sums of money").

> **B. No Court Has Required An Express False Statement To Establish Liability Under 31 U.S.C. § 3729(a)(1)(A), Since To Do So Would Violate Elementary Rules Of Statutory Construction.**

Even if this Court is not inclined to view this suit as an express-representation case under section (a)(1)(B) of the FCA, the relator's claims can proceed without an express false statement under 31 U.S.C. § 3729(a)(1)(A). Section (a)(1)(A) of the FCA imposes liability upon "any person who … knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," and the text of this section sets forth no requirement of any false statement whatsoever (express or implied). If this Court were to read into section (a)(1)(A) a requirement of an express false statement, it would thereby render section (a)(1)(B) superfluous, since that provision imposes liability on one who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." *See United States ex rel. Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 531- 32 (10th Cir. 2000) (highlighting distinction between then-sections 3729(a)(1) and (a)(2)).

Furthermore, the legislative history of the 1986 amendments indicates that Congress intended the FCA to apply whenever a defendant was ineligible for payment, even if the defendant provided the specific product or service requested by the government. The Senate Report states that "claims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program." S. Rep. No. 99-345 at 9, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5274. The Senate Report goes on to note that a false

claim under the FCA "may take many forms, the most common being a claim for goods or services not provided, or provided in violation of contract terms, specifications, statute, or regulation." *Id.* at 5274.

It is for these reasons that no Court of Appeals has held that an express false statement is required for FCA liability. Ultimately, the touchstone for FCA liability is whether the defendant knowingly caused the government to pay money that it did not owe. Some Circuits distinguish between "factually false" and "legally false" claims under the FCA, and then further divide the "legally false" category into claims based on "express false certifications" and "implied false certifications." *See, e.g.*, *United States ex rel. Connor v. Salina Reg'l Health Ctr., Inc.*, 543 F.3d 1211, 1217-18 (10th Cir. 2008). Other Circuits have noted that the text of the FCA does not refer to "factually false" or "legally false" claims, and have declined to adopt these categories because they do not exist in the text of the FCA and may obscure more than they clarify. *See United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 385-86 (1st Cir. 2011). The Seventh Circuit has not expressly adopted (or rejected) these categories. As discussed below, the Seventh Circuit's rulings in *Lusby* and *Yannacopoulos* are no exception.

### C. *Lusby* and *Yannacopoulos* Place No Restrictions On The Availability Of Implied-Certification Liability

Even if this Court opts not to view this case as one that involves express representations, nothing in the Seventh Circuit's opinions in *Lusby* and *Yannacopoulos* prevents the imposition of liability on the basis of implied representations. Neither those cases, nor any subsequent cases citing them, reach or compel such a conclusion.

Nothing in *Lusby* bars or even mentions implied representations. *Lusby* involved express representations: "Rolls-Royce's contracts with the United States require the firm to submit, with each request for payment, a form specified by Federal Acquisition Regulation 246–15." 570

- 5 -

F.3d at 854. The district court in that case held that the relator had failed to allege fraud with the particularity required by Fed.R.Civ.P. 9(b) because he had not attached a copy of such a form, but the Seventh Circuit reversed, finding that the relator could proceed based on an inference that such forms had been submitted. *Id.* The fact that the specific contracts in *Lusby* required an express statement of compliance, however, in no way indicates that the FCA generally imposes such a requirement as a prerequisite for liability.[2]

*Yannacopoulos*, too, is silent on implied representations. It also was an express-representation case: "On each invoice, General Dynamics certified that, "to the best of [its] knowledge and belief this invoice is in accordance with" Contract 5/86 and the Certification Agreement." 652 F.3d at 824. Although the court went on to note that "[t]hese certifications are significant because a mere breach of contract does not give rise to liability under the False Claims Act," *id.*, the point of this statement was to make clear that it is the knowledge element that distinguishes an FCA violation from a "mere breach of contract" – not that the FCA requires an express false statement.

Further, it is worth noting that one of the relator's FCA claims in *Yannacopoulos* bore substantial similarity to the claims pursued by the relator in the instant case. Specifically, the relator alleged that the defendant had obtained payment of a claim pursuant to an earlier express representation in its contract with the agency, and that the claim was false because the defendant

---

[2] Further, because the relator in *Lusby* was proceeding under 31 U.S.C. § 3729(a)(1)(A) (and its predecessor), he was not obliged to demonstrate any false statements at all, separate from the false claims themselves. It is true that the Seventh Circuit in *Lusby* stated that "it is essential to show a false statement," in the context of section (a)(1)(A). 570 F.3d at 854. This is clearly a misnomer, however, as the court made this remark in discussing alternative ways in which that relator could meet his burden at the pleading stage of adequately alleging the invoices at issue – i.e., the false *claims*. Moreover, even if the *Lusby* court's remark is taken purely at face value, it sets forth no requirement that a false statement be express rather than implied.

- 6 -

Case 2:12-cv-00775-JPS   Filed 05/01/14   Page 6 of 10   Document 233

had (impliedly) failed to inform the agency that the express representation was no longer true by the time it sought payment.

> Yannacopoulos claims that General Dynamics falsely certified its compliance with the Certification Agreement by failing to inform the DSAA of what he calls "the parties' understanding that they would not abide by the deadline in Article 8.5" when it submitted these invoices. Yannacopoulos has no evidence of any formal agreement (written or otherwise) between the parties. His claim is that the parties reached an implicit, informal agreement that they would "disregard" the violation of Article 8.5 that he says (and that we will assume, for the sake of argument) resulted when they failed to change the price of the spare parts line item after Greece decided to purchase spare parts from other suppliers.

*Id.* at 832. The Seventh Circuit analyzed the factual sufficiency of the relator's evidence for that claim and upheld the award of summary judgment to the defendant, but it never suggested that the claim was improper because it involved an implied certification. *Id.* at 832-33.

Notably, subsequent cases that cite *Lusby* or *Yannacopoulos* have nowhere concluded that those cases barred the recognition of FCA liability based upon implied representations. *See, e.g.*, *United States v. Kellogg Brown & Root Services, Inc.*, 2014 WL 1282275 (C.D. Ill. March 31, 2014); *United States ex rel. Chilcott v. KBR, Inc.*, 2013 WL 5781660, *8 (C.D.Ill. October 25, 2013) ("The FCA is intended to reach all fraudulent attempts to extract payment from the United States"); *United States ex rel. Hudalla v. Walsh Const. Co.*, 834 F.Supp.2d 816 (N.D. Ill. 2011); *United States ex rel. Jones v. Collegiate Funding Services, Inc.*, 2010 WL 5572825 (E.D. Va. September 21, 2010). Indeed, in the recent case of *United States ex rel. Garbe v. Kmart Corp.*, 2013 WL 5615747 (S.D. Ill. September 18, 2013), the district court cited *Lusby* and *Yannacopoulos* for other points of law not relevant here, but when it discussed the idea of express and implied certifications, it looked not to those cases but to a Fifth Circuit case – an

- 7 -

Case 2:12-cv-00775-JPS   Filed 05/01/14   Page 7 of 10   Document 233

indication that *Lusby* and *Yannacopoulos* were not authoritative on this issue.[3] *Garbe*, 2013 WL 5615747, *3.

### III. The Correct Standard Of Proof Is A Preponderance Of The Evidence

In its Order of April 8, 2014, the Court asked for guidance as to the appropriate standard of proof in an FCA case. The False Claims Act provides as follows:

> In any action brought under section 3730, the United States shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence.

31 U.S.C. § 3731(d). The same standard applies to a relator in a case where the government has declined to intervene. *See, e.g.*, *United States ex rel. Lamers v. City of Green Bay*, 998 F. Supp. 971, 985 (E.D. Wis. 1998) ("To prevail on the merits in an FCA action, 31 U.S.C. § 3731(c) requires the government or private relator to prove each essential element by a preponderance of the evidence"),[4] *aff'd on other grounds*, 168 F.3d 1013 (7th Cir. 1999).

The defendants have submitted a proposed jury instruction that would impose a higher standard of proof in cases where a relator is proceeding with the litigation after the Government has declined, but this notion has no basis in the law. The defendants suggest that the Supreme Court stated in *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 418 (2005) that then-sec. 3731(c) applied only to the United States and left open the question of the standard to be met by a relator in a declined case. They extrapolate from there that as to declined *qui tam* cases this Court should "reinstate" the higher standard of proof, "clear and convincing evidence," that existed for the FCA prior to being abrogated by statutory amendment in 1986.

---

[3] The *Garbe* court determined that its case did not involve either express or implied representations. 2013 WL 5615747, *3.

[4] As a result of statutory amendments in 2009, 31 U.S.C. § 3731(c) was renumbered to § 3731(d) with no changes to its text.

- 8 -

Case 2:12-cv-00775-JPS   Filed 05/01/14   Page 8 of 10   Document 233

Subsequent to *Graham County*, however, the Seventh Circuit has expressly stated that then-sec. 3731(c) applies in declined qui tam cases as well as in those where the Government has intervened. In a declined case, in the course of determining whether subject-matter jurisdiction existed over the relator's claims in a declined *qui tam* suit, the Circuit noted as follows:

> At each stage of the jurisdictional analysis, the plaintiff bears the burden of proof. *See* 31 U.S.C. § 3731(c)….

*Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). While this ruling does not explicitly state that the burden of proof is "a preponderance of the evidence," no other conclusion can flow from the finding that § 3731(c) (now § 3731(d)) applies. Whatever the meaning of the Supreme Court's remarks in *Graham County*, even the defendants agree that it did not rule upon the applicable standard of proof in an FCA case in which the United States did not intervene. *Glaser*, by contrast, is controlling authority.

Additionally, at least one other court subsequent to *Graham County* has explicitly applied a preponderance-of-the-evidence standard to a declined *qui tam* suit. "Although damages to the United States are not a required element of an FCA claim, where they are sought pursuant to 31 U.S.C. § 3729(a), the Government, *or the relator standing in its place*, bears the burden of proving them by a preponderance of the evidence. 31 U.S.C. § 3731(d)...." *United States ex rel. Feldman v. van Gorp*, 2010 WL 2911606, *4 (S.D.N.Y. July 08, 2010) (emphasis added) (*citing United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 923 (4th Cir. 2003) ("Because Harrison, as the qui tam relator, stands in the place of the government, he must assume the government's burden of proof as to damages in an FCA case")). The Government is not aware of any case that has adopted the *Graham County* theory proposed by the defendants in this case.

Dated this 1st day of May, 2014.

        Respectfully submitted,

        STUART F. DELERY
        Assistant Attorney General
        Civil Division

        JAMES L. SANTELLE
        United States Attorney

By:    /s/ Keith S. Alexander
        KEITH S. ALEXANDER
        Assistant United States Attorney
        Eastern District of Wisconsin
        517 E. Wisconsin Ave.
        Milwaukee, WI 53202
        (414) 297-1700
        Facsimile: (414) 297-4394
        State Bar No. 1053000
        Email: keith.alexander@usdoj.gov

        /s/ Jay D. Majors
        JAY D. MAJORS
        MICHAEL D. GRANSTON
        RENÉE BROOKER
        Civil Division, Department of Justice
        601 D Street N.W., Room 9550
        Washington, D.C. 20004
        Telephone: (202) 307-0264
        Counsel for the United States